UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAMAL-JALEEL WELLS,

    Plaintiff,

v.                                                          Case No: 8:23-cv-1880-KKM-UAM

EARLY WARNING SERVICES, LLC,

    Defendant.
_____

## ORDER

Kamal-Jaleel Wells sued Early Warning Services, LLC, in state court, alleging that Early Warning violated several sections of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. *See* Compl. (Doc. 1-5). In response, Early Warning removed Wells's action. Notice of Removal (Doc. 1). Wells's complaint is now dismissed without prejudice because it is a shotgun pleading.

*Weiland v. Palm Beach Cnty. Sheriff's Office* outlines four common types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief;

and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Wells's complaint is "replete with conclusory, vague, and immaterial facts" that are "not obviously connected to any particular cause of action" and "fail" "to give" Early Warning "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1322–23. The complaint includes a section titled "Factual Allegations," but the relevance of this section is not apparent because the section is never re-incorporated into any of Wells's three causes of action. *See* Compl. ¶¶ 8–15. Additionally, even if the Factual Allegations were incorporated, the allegations are unclear. Wells alleges, "On or about March 1st, 2023, the plaintiff obtained a copy of his consumer credit report, noticing his 'credit card' was being used by the defendant 'Early Warning' without the plaintiff [sic] permission. Causing personal injury with inaccurate, unauthorized information being reported." *Id.* ¶ 8. He also alleges, "Plaintiff filed an 'Identity Theft Report' with the Federal Trade Commission and filed a complaint with the 'CFPB' Consumer Financial Protection Bureau. In the complaint, plaintiff told the defendant 'Early Warning' they were

2

too [sic] have four days to remove and block accounts, tradelines, names, addresses associated with Plaintiff [sic] 'credit card'. Plaintiff was NOT requesting verification or validation on the accounts." *Id.* ¶¶ 9–10. In addition to the fact that these allegations are unmoored from any of Wells's causes of action, *see id.* ¶¶ 8–10, 13–15, these allegations are remarkably vague. Wells might be alleging that Early Warning spent money on his credit card without his permission, or he might be alleging that Early Warning created a report about his credit card without his permission. A third possibility is that Wells alleges that an unknown individual fraudulently used his credit card, and that Early Warning created a credit report attributing the fraudulent activity to Wells. In any event, these factual allegations are "vague" and "not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

Wells's three counts also fail to give notice of Wells's claims. *See id.* at 1323. Because none of the three causes of action incorporate prior factual allegations, *see* Compl. ¶¶ 13–15, only the facts alleged in each count can explain the nature of the claim for relief. The first count alleges that Early Warning violated 15 U.S.C. § 1681b(a)(2) because Wells never granted Early Warning written permission to create a consumer report about his credit card. Compl. ¶ 13. But this conclusory and vague allegation does not align with § 1681b(a), which lists several reasons that a consumer reporting agency may furnish a consumer report and does not limit an agency's ability to furnish a report only to instances

3

when the consumer grants the agency written permission. *See* 15 U.S.C. § 1681b(a); *see, e.g.*, *Domante v. Dish Networks, L.L.C.*, 974 F.3d 1342, 1345 (11th Cir. 2020) (opining on another permissible purpose for furnishing a consumer report under § 1681b(a)).

The second count alleges "negligent noncompliance with" 15 U.S.C. § 1681n but includes no description of the alleged noncompliance. *See* Compl. ¶ 14. Furthermore, § 1681n is a remedial provision; it creates civil liability for willful or knowing noncompliance with the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681n. But it does not, by itself, prescribe standards that Early Warning could have "negligent[ly]" failed to comply with. *See id.*

The third count alleges that Early Warning violated 15 U.S.C. § 1681s-2(a)(1)(B) by continuing to report "inaccurate information about the plaintiff [sic] consumer report" "after receiving 'Mr. Wells' [sic] dispute/ complaint." Compl. ¶ 15. But Wells fails to provide any explanation regarding what was inaccurate about the consumer report, and he never re-incorporated prior factual allegations into the third count to provide additional explanation. *Id.*

Overall, Wells's complaint is a shotgun pleading because it fails to give "adequate notice of the claims against [Early Warning] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Accordingly, Wells's complaint, (Doc. 1-5), is **DISMISSED without prejudice.** Wells may refile an amended complaint no later than **September 7,**

4

2023. If Wells fails to refile in a timely manner or submits another shotgun pleading, this action will become subject to dismissal without further notice.

**ORDERED** in Tampa, Florida, on August 23, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge